## G. T. Armstrong v. The State.

*No. 6984.   Decided May 23.*

1.   **Practice — Accomplice — Evidence.** — A person charged as an accomplice to crime can not be convicted upon evidence which would not support the conviction of his alleged principal of the crime charged.

2.   **Same.**—If the trial develops evidence which tends to support both of two counts in an indictment, the State can not be compelled to elect upon which it will prosecute.

Appeal from the County Court of Collin.   Tried below before Hon. M. G. Abernathy, County Judge.

This conviction was for misdemeanor theft, and the penalty imposed by the verdict was a fine of $50 and confinement in jail for one hour.

For the purposes of this report it is sufficient to say that the proof shows that Andrew Armstrong was an employe of the defendant, and together with other employes, acting under the order of the defendant, took the blocks from the place where stored as the property of the defendant.

*H. C. Mack* and *Abernathy & Beverly,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

Hurt, Judge.—Andrew Armstrong and G. T. Armstrong, the appellant, were indicted for the theft of certain bois d'arc blocks—Andrew as principal, and appellant as accomplice.   Appellant was tried, and being convicted, appeals.

There is no proof that Andrew Armstrong stole the blocks, and hence this conviction of G. T. Armstrong is wrong.   If Andrew Armstrong was not guilty of fraudulently taking the property, and G. T. Armstrong, knowing that he had no right to the property, did fraudulently advise, command, or encourage Andrew Armstrong to take the same, he would be a principal and not an accomplice.   If there be doubt as to whether Andrew Armstrong was guilty, then the pleader should charge G. T. Armstrong as principal and as an accomplice; and, if the proof fails to establish Andrew Armstrong's guilt, but shows that G. T. Armstrong did, with a view of stealing the property, advise, command, or encourage Andrew Armstrong to take the blocks, he would be guilty as principal. On the other hand, if the proof shows Andrew Armstrong's guilt and that G. T. Armstrong fraudulently did advise, etc., Andrew Armstrong to take the blocks, then he would be guilty as an accomplice.   And just here we would state, *and emphasize the statement,* that the State can not be compelled to elect upon which count it will prosecute if there be proof tending to support both counts.   Of course if the evidence fails to support one count, or renders one count more certain than the other, the

prosecuting officer will suggest to the jury the count relied on for conviction; or, the court may direct an acquital on one count and instruct the jury on the other.

Because there is not sufficient evidence to establish the guilt of Andrew Armstrong as principal, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.